IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:11-CV-1082-J-34JBT

KRISTEN JENKINS,

    Plaintiff,

v.

NELSON, HIRSCH & ASSOCIATES, INC.,
TANYA SANTIAGO and MYRNA VARELA

    Defendants.

_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff, KRISTEN JENKINS ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Duval, and City of Jacksonville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, NELSON, HIRSCH & ASSOCIATES, INC. ("Defendant NHA"), at all relevant times were engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. At all relevant times herein, Defendant, MYRNA VARELA ("Defendant Varela") was the owner/director of Defendant NHA. As an officer, shareholder and/or director of Defendant NHA, Defendant Varela was responsible for the overall success of the company. Defendant Varela is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6): she materially participated in collecting debt by occupying a position of critical importance to Defendant NHA's business; as the owner of Defendant NHA, she exercised control over the affairs of a debt collection business; and she was regularly engaged, albeit more often indirectly than directly, in the collection of debts through her involvement in Defendant NHA's affairs and Defendant Varela continued to play a key role in maintaining and expanding Defendant NHA's debt collection activities throughout the time in question.

8. At all relevant times herein, Defendant, TANYA SANTIAGO ("Defendant Santiago") was the owner/director of Defendant NHA. As an officer, shareholder and/or director of Defendant NHA, Defendant Santiago was responsible for the overall success of the company. Defendant Santiago is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6): she materially participated in collecting debt by occupying a position of critical importance to Defendant NHA's business; as the owner of Defendant NHA, she exercised control over the affairs of a debt collection business; and she was regularly engaged, albeit more often indirectly than directly, in the collection of debts through her involvement in Defendant NHA's affairs and Defendant Santiago continued to play a key role in maintaining and expanding Defendant NHA's debt collection activities throughout the time in question.

9. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. In connection with collection of an alleged debt in default, Defendants called Plaintiff's cellular telephone on August 15, 2011 at 2:37 P.M., and at such time, Defendants left the following voicemail message:

"Uh, yes. Quick leaving a legal message for Kristen. Uh, Kristen Jenkins, this is, uh, Darryl Brown, Mrs. Jenkins, uh, and I'm with the firm of Nelson, Hirsch & Associates. Um. We're working together with, uh, one of our clients here to try to, uh, resolve a legal claim that has been, um, well, it has been submitted to our office. Uh, they want to, uh, move forward on it, but at the same time, we to try to, uh, work this thing out. Try to get it negotiated so, uh, we can get it resolved with the client. Um. My number here's going to be 678-593-2355. Mrs. Jenkins, it is quite urgent, quite imperative that you, uh, try to reach me today so that we'll know, uh, what your intentions are, uh, on trying to resolve this matter. Thanks again. You have a good day, ma'am."

14. In its voicemail message of August 15, 2011, Defendants failed to notify Plaintiff that the communication was from a debt collector.

15. Defendants' voicemail communication was intended to convey a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

## COUNT I
## VIOLATION OF 15 U.S.C. §1692e(10)
## AGAINST DEFENDANT NHA

16. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

17. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. §1692e(11)
## AGAINST DEFENDANT NHA

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

19. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

- a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);
- b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;
- c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;
- d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;
- e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;
- f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. §1692e(10)
## AGAINST DEFENDANT VARELA

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

21. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

- a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);
- b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;
- c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;
- d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. §1692e(11)
## AGAINST DEFENDANT VARELA

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

23. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. §1692e(10)
## AGAINST DEFENDANT SANTIAGO

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

25. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. §1692e(11)
## AGAINST DEFENDANT SANTIAGO

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

27. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper

## TRIAL BY JURY

28. Plaintiff is entitled to and hereby demand a trial by jury.

Respectfully submitted this 1st day of ~~October~~ November, 2011.

Respectfully submitted,
KRISTEN JENKINS

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com