UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KRISTEN JENKINS,

       Plaintiff,

v.                           CASE NO. 3:11-cv-1082-J-34JBT

TANYA SANTIAGO and MYRNA VARELA,

       Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's First Amended Motion for Entry of Final Default Judgment against Defendants Tanya Santiago ("Santiago") and Myrna Varela ("Varela") (collectively, "Defendants") ("Amended Motion") (Doc. 14). In the Amended Motion, Plaintiff seeks entry of final default judgment and attorney's fees and costs against Defendants. (*Id.*) To date, Defendants have not responded to the Amended Motion; therefore, the Court will treat the Amended Motion as unopposed. However, based on the reasons stated herein, the Amended Motion is due to be **DENIED without prejudice** to filing and serving an amended complaint under Rule 4 of the Federal Rules of Civil Procedure,[1] and amended motion, if applicable, in compliance with this Order.

       In short, the allegations of the Complaint, which are deemed admitted, are too

---

[1] Service under Rule 4, as opposed to Rule 5, of the Federal Rules of Civil Procedure, is appropriate because Plaintiff's Complaint is inadequate to state a claim, and thus an amended complaint must state "a new claim for relief." Fed. R. Civ. P. 5(a)(2).

conclusory and contain too few facts to support a default judgment.  As the Supreme Court noted in *Bell Atlantic Corp. v. Twombly*, "a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  550 U.S. 544, 555 (2007).  The allegations of the Complaint contain little more than "labels and conclusions," and a "formulaic recitation of the elements" of a Fair Debt Collection Practices Act ("FDCPA") claim.  For example, other than parroting the statutory language, the Complaint gives no indication what the underlying debt was for.  Thus, Plaintiff has failed to state a claim for relief under the FDCPA.

Nevertheless, in light of the policy "to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981), and the absence of previous amendments of the Complaint, the Court will allow Plaintiff an additional, and likely final, opportunity to replead and to re-serve her amended complaint under Rule 4.  In the event that Defendants again fail to appear or defend, Plaintiff will be allowed one likely final opportunity to seek a default and a default judgment against Defendants in accordance with this Order.[2]

## I.     Procedural History

On November 3, 2011, Plaintiff filed her Complaint against Defendants

---

[2] For the reasons discussed herein, Plaintiff's Amended Motion is also insufficient.

Santiago and Varela,[3] pursuant to the FDCPA, 15 U.S.C. § 1692 *et seq.*  (Doc. 1.)

On March 27, 2012, Plaintiff served process on these Defendants.  (Docs. 7, 9.)  As

Defendants failed to appear in the case, Plaintiff filed a Motion for Entry of Clerk's

Default against Defendants on April 26, 2012.  (Doc. 10.)  The Clerk of Court entered

a default against Defendants on April 27, 2012.  (Doc. 11.)  On May 23, 2012,

Plaintiff filed her first Motion for Entry of Final Default Judgment Against Defendants

(Doc. 12), which was denied without prejudice on July 10, 2012 based on several

deficiencies therein (*see* Doc. 13).  Plaintiff filed her Amended Motion on July 24,

2012, which is now ripe for resolution.

## II.    Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step

process for obtaining a default judgment.  First, when the defendant fails to plead or

otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default

against the defendant.  *See* Fed. R. Civ. P. 55(a).  Second, and in general, after

receiving the clerk's default, the court, or in some instances the clerk, may enter a

default judgment against the defendant for not appearing.  *See* Fed. R. Civ. P. 55(b).

A default judgment may be entered "against a defendant who never appears or

answers a complaint, for in such circumstances the case never has been placed at

issue."  *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d

---

[3] The Complaint also named an additional Defendant—Nelson, Hirsch & Associates, Inc. ("NHA") (*see* Doc. 1), but that Defendant was dismissed without prejudice on April 4, 2012 (*see* Doc. 6).

1130, 1134 (11th Cir. 1986).

The law is well settled that through his or her default, a defendant "admit[s] [a] plaintiff's well-pleaded allegations of fact . . . ." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Patray v. Nw. Publ'g., Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996). However, "a defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu*, 515 F.2d at 1206; *see also Patray*, 931 F. Supp. at 868 (noting that a motion for default judgment "is not granted as a matter of right, and in fact is judicially disfavored"); *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (stating that "[a] motion for default judgment is not granted as a matter of right"). Indeed, a sufficient basis must exist in the pleadings for the judgment entered. *See Nishimatsu*, 515 F.2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id. See also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include  (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief.  *See* Fed. R. Civ. P. 8(a).  A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides

4

factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." *Iqbal*, 129 S. Ct. at 1949, 1951. Thus, in ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered. *See Nishimatsu*, 515 F.2d at 1206.

### III.   Analysis

"In order to prevail on an FDCPA claim, Plaintiff must prove that: (1) she was the object of collection activity arising from consumer debt; (2) Defendants are debt collectors as defined by the FDCPA; and (3) Defendants have engaged in an act or omission prohibited by the FDCPA." *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008). Plaintiff's Complaint does not sufficiently allege these elements or the specific violations of 15 U.S.C. § 1692e(10)-(11) allegedly committed by Defendants.

Without attempting to provide an exclusive list of deficiencies, the Court notes, for example, that the Complaint does not allege factually what the underlying debt was for.  Rather, the Complaint alleges in conclusory fashion that the debt was "incurred primarily for personal, family, or household purposes." (Doc. 1, ¶ 11.)  This is merely a reiteration of the statutory definition.  *See* 15 U.S.C. § 1692a(5).  Thus, it is insufficient to state a claim for relief.  There are other examples in the Complaint of conclusory allegations unsupported by facts so Plaintiff should ensure that her amended complaint contains the necessary factual allegations to satisfy the standard discussed herein.

Therefore, upon review of the factual allegations of Plaintiff's Complaint, which are deemed admitted, the Court concludes that Plaintiff has failed to allege sufficient facts to support her claims of violations of 15 U.S.C. §§ 1692e(10)-(11) against Defendants, and, thus, she has failed to state a claim for relief under the FDCPA. Accordingly, Plaintiff has not provided an adequate legal basis for entry of default judgment.  If Plaintiff chooses to replead, she must ensure that all the material allegations of the amended complaint are well-pled.

In addition, if Plaintiff needs to move for default judgment against Defendants after filing and serving an amended complaint and obtaining a default in accordance with this Order, Plaintiff's motion for default judgment must comply with all applicable Local Rules.  The Amended Motion is deficient in this respect because, *inter alia*, it does not include a sufficient memorandum of law.  *See* M.D. Fla. R. 3.01(a).  To the

6

extent the Amended Motion contains any citations of authorities, they relate exclusively to attorney's fees.  The Amended Motion provides no legal support for the sufficiency of the Complaint under the FDCPA.  Plaintiff is reminded that although an award of attorney's fees is a possible consequence of the entry of a default judgment, it should not be the sole focus of the motion.  Even when a default has been entered, Plaintiff must establish proper grounds for a default judgment by showing that the Complaint adequately establishes subject matter jurisdiction over this action and sufficiently states a claim for relief against Defendants as to each count for which a default judgment is sought.  Only after Plaintiff has made this showing will the Court address the issues of damages and attorney's fees and costs.  Plaintiff is also reminded that it is her burden to show that an award of statutory damages is appropriate and that the nature of Defendants' violations warrants the maximum award, if that is what is requested.  *See* 15 U.S.C. §§ 1692k(a)-(b).  Neither the Complaint nor the Amended Motion supports a maximum statutory damages award.

Accordingly, it is **ORDERED**:

1. The Amended Motion (**Doc. 14**) is **DENIED without prejudice** to filing an amended complaint in compliance with this Order, **on or before August 28, 2012**.  If an amended complaint is filed, Plaintiff must properly serve it on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure, **on**

**or before September 27, 2012**.  If Defendants fail to plead or otherwise defend within the required time, Plaintiff must file a motion for default against Defendants in accordance with Rule 55(a) of the Federal Rules of Civil Procedure, **on or before November 15, 2012**.  If a default is entered, Plaintiff must file a sufficient motion for a default judgment in accordance with Rule 55(b) of the Federal Rules of Civil Procedure and this Order, **on or before December 17, 2012**.

2.      Failure to comply with this Order may result in a recommendation that the case be dismissed for want of prosecution.

3.      If Plaintiff presents the Clerk of Court with properly completed summonses for service of an amended complaint, the Clerk of Court is **DIRECTED** to sign, seal, and issue said summonses.  *See* Fed. R. Civ. P. 4(b).

**DONE AND ORDERED** at Jacksonville, Florida, on August 8, 2012.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

Any Unrepresented Party

8